# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

*People v. Olson*, 2013 IL App (2d) 121308

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. JOHN J. OLSON, Defendant-Appellee. |
| District & No. | Second District<br>Docket No. 2-12-1308 |
| Filed | June 28, 2013 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | In a prosecution for driving while under the influence of alcohol, the appellate court vacated the grant of defendant's motion *in limine* pursuant to *Clairmont* to bar the admission of the results of defendant's breath test on the ground that the testing machine was not certified for 63 days, despite the requirement of the Illinois Administrative Code that it be certified every 62 days, since the State was entitled to rebut the presumption that the test results would be inadmissible if the machine was not certified every 62 days by presenting evidence of substantial compliance, and the cause was remanded to allow the State to make such a presentation at an evidentiary hearing. |
| Decision Under Review | Appeal from the Circuit Court of Du Page County, No. 10-DT-2090; the Hon. Brian J. Diamond, Judge, presiding. |
| Judgment | Vacated and remanded. |

Counsel on
Appeal

Robert B. Berlin, State's Attorney, of Wheaton (Lisa Anne Hoffman and
Thomas Minser, Assistant State's Attorneys, of counsel), for the People.

Raymond G. Garza, of Olympia Fields, for appellee.

Panel

JUSTICE SCHOSTOK delivered the judgment of the court, with opinion.
Justices Hutchinson and Hudson concurred in the judgment and opinion.

## OPINION

¶ 1    Defendant, John J. Olson, was charged with two counts of driving while under the influence of alcohol (DUI) (625 ILCS 5/11-501(a)(1), (a)(2) (West 2010)), and he was ticketed for improper lane usage (625 ILCS 5/11-709 (West 2010)). Before trial, he filed a motion *in limine*, asking the court to bar admission of the results of a breath test he took. Defendant contended that the results should be barred because section 1286.230 of title 20 of the Illinois Administrative Code (Code) (20 Ill. Adm. Code 1286.230, amended at 33 Ill. Reg. 8529 (eff. June 4, 2009)) mandates that breath-testing machines be certified every 62 days, the machine used in his case was not certified for 63 days, and he submitted to testing during this 63-day period. Relying on this court's decision in *People v. Clairmont*, 2011 IL App (2d) 100924, the trial court granted the motion. The State timely appealed and filed a certificate of impairment. At issue in this appeal is whether, under the facts presented here, *Clairmont* mandated that the trial court grant defendant's motion *in limine*. For the reasons that follow, we find that it did not. Thus, we vacate and remand.

¶ 2    The facts relevant to resolving this appeal are as follows. On May 29, 2010, Officer Poli stopped defendant for DUI and improper lane usage. Defendant was taken to the police department, where he submitted to a breath test. The test indicated that defendant was under the influence of alcohol.

¶ 3    The machine used to test defendant underwent a "Certification Check" on May 9, 2010.[1] The next time a "Certification Check" was conducted on the machine was July 11, 2010, 63 days later.

¶ 4    Based on these facts, defendant filed a motion *in limine*, claiming that the court should

---

[1]Information about the "Certification Check" and the test defendant took, as well as defendant's motion *in limine*, are not contained in the record on appeal. However, those documents are attached to defendant's brief. Although this court generally does not consider documents that are attached to a party's brief when those same documents are not also included in the record on appeal (see *Franciscan Communities, Inc. v. Hamer*, 2012 IL App (2d) 110431, ¶ 32), we choose to overlook that rule here, as the State does not object to our considering those documents, and they were indeed filed and before the trial court.

bar admission of the results of his breath test. At the hearing on the motion, which occurred on the eve of trial, the parties discussed with the court whether resolution of defendant's motion was controlled by *Clairmont*. During that discussion, the following exchange was had:

"[Assistant State's Attorney]: I believe it actually is a case of first impression onto the–in *Clairmont* the State waived their argument of substantial compliance.

The Court noted, specifically at the end of the case, that the State could have made that argument. They chose not to. And this–*Clairmont* was actually a case on statutory interpretation of the administrative rule where the Court found that the State did not properly read that rule. And they found, in fact, that there was a requirement to have certification on every 62 days.

So the State will be making a substantial compliance argument that we believe is consistent with *Clairmont* and [*People v.*] *Bishop*[, 354 Ill. App. 3d 549 (2004)].

[Defense counsel]: A brief response?

THE COURT: That won't be necessary, counsel.

[Defense counsel]: All right.

THE COURT: The State's [*sic*] motion in limine will be granted.

The Court is going to follow the *Clairmont*–I don't–I don't agree if the State's–there may be some mention in there of that, but I think at this juncture I have to follow the Second District's ruling in that *Clairmont* case. And I find that that–my interpretation of that is that this breath result should be barred under that case law. So I'm going to grant the motion on that."

¶ 5 That same day, as the parties were preparing to start defendant's jury trial, the State, in essence, orally moved the court to reconsider its order granting defendant's motion *in limine*.[2] In discussing the motion, the parties advised the court that they agreed that "the post cert[ification] occurred on day 63." Nevertheless, the State claimed that, even though strict compliance with section 1286.230 was not had, that did not mean that the test results were rendered inadmissible. Rather, the State contended that, pursuant to *Clairmont*, if there is no certification within 62 days, there is a presumption that the test results are unreliable, and the State may rebut that presumption by establishing substantial compliance.

¶ 6 The court denied the State's motion. Specifically, the court stated:

"All right. Well, I'm going to stand on my ruling.

I've read the *Clairmont* case. It's my impression that the [Appellate] Court is intending that that be a mandatory provision. And, frankly, making a bright line makes it a lot easier for trial courts to decide that issue. And I don't know how you go from inaccuracy to accuracy.

---

[2]The State actually moved the court for a continuance so that it could file a written motion to reconsider. The court and the parties began discussing the substance of that motion, and, after hearing that, the court essentially ruled on what it considered to be the State's oral motion to reconsider.

It clearly depicted a number of days and that's the day that's (unintelligible). I've read the language from *Clairmont* which seems to indicate that it is to be read as it's–as it reads."

¶ 7    After denying the motion to reconsider, the trial court allowed the State to make an offer of proof to support its claim that there was substantial compliance with section 1286.230, because, in the trial court's view, such facts could "enlighten[ ] the Second District." Pursuant to that proffer, the State indicated that Officer Rodriguez would testify that, on July 9, 2011, which was the sixty-first day following the May 9, 2011, certification, he attempted to do a certification check on the breath-testing machine that was used in defendant's case. Officer Rodriguez was unable to do the certification check because the power source on the machine needed to be replaced, meaning that, because of the faulty power source, "the machine literally died." The replacement part was brought to the police department on the sixty-third day and the breath-testing machine was immediately fixed. The State further indicated that Officer Rodriguez would testify that the reliability of the breath test that defendant took on May 29, 2010, was in no way affected by the problem with the power source. Moreover, the State asserted that Officer Bishop, who administered the breath test, would testify that all of the other requirements for administering a breath test were met and that defendant's breath test was administered accurately on May 29, 2010.

¶ 8    At issue in this appeal is whether, under *Clairmont* and the facts presented here, the trial court was required to grant defendant's motion *in limine*. Before considering that issue, we must address defendant's contention that the State's motion to reconsider was improper because "the *** motion to reconsider contained argument as to whether the State substantially complied with [the Code], and a proffer of testimony in that regard." The "purpose of a motion to reconsider is to *bring to the court's attention* newly discovered evidence, changes in the law, or *errors in the court's previous application of existing law*." (Emphases added.) *Farmers Automobile Insurance Ass'n v. Universal Underwriters Insurance Co.*, 348 Ill. App. 3d 418, 422 (2004). Here, the State advised the court that it was moving to reconsider because, in the State's view, the court had misapplied *Clairmont*. This was a proper purpose for a motion to reconsider. As to defendant's claim that the motion was improper because the State was allowed to present evidence of substantial compliance, the record shows that the State presented that evidence only after the court denied its motion to reconsider, and the State did so, at the court's request, only because the court believed that such evidence could aid this court in resolving this appeal. Based on these circumstances, we find nothing improper with the State's motion to reconsider.

¶ 9    We now turn to the merits of this appeal. "A party may file a motion *in limine* to obtain an order before trial excluding inadmissible evidence." *People v. Ebert*, 401 Ill. App. 3d 958, 960 (2010). "When a motorist files a motion *in limine* to bar breath test results, the State must establish a sufficient foundation for admission of the evidence." *Id.* "To lay a proper foundation [for admission of a breath test], the State must establish that the [breath] test was performed in accordance with section 11-501.2(a) of the Illinois Vehicle Code (625 ILCS 5/11-501.2(a) (West [2010])) and the regulations promulgated by the Illinois Department of State Police." *Clairmont*, 2011 IL App (2d) 100924, ¶ 12.

¶ 10   One of those regulations is contained in section 1286.200 of title 20 of the Code (20 Ill.

Adm. Code 1286.200 (2009)). That section provides procedures for establishing the accuracy of breath-testing machines. When the four conditions delineated in section 1286.200 are met, there is a rebuttable presumption that the breath-testing machine used in a defendant's case was accurate when the test was administered. *Id.* One of those four conditions provides, in relevant part, that "the next accuracy check after the subject test was within the accuracy tolerance described in this Subpart." 20 Ill. Adm. Code 1286.200(c) (2009). Section 1286.230(a), which is within the "Subpart," states that "[t]o ensure the continued accuracy of approved evidentiary instruments, a BAT [(Breath Analysis Technician)] or automated system shall perform accuracy checks," and those accuracy "[c]hecks shall be performed at least once every 62 days." 20 Ill. Adm. Code 1286.230(a), amended at 33 Ill. Reg. 8529 (eff. June 4, 2009). "Failure to comply with section 11-501.2(a) and the regulations renders the results of the test unreliable and, thus, inadmissible." *Clairmont*, 2011 IL App (2d) 100924, ¶ 12.

¶ 11    Although the decision to grant or deny a motion *in limine* is usually left to the discretion of the trial court (*People v. Morris*, 394 Ill. App. 3d 678, 680 (2009)), the question presented in this case is whether the trial court properly excluded the evidence based on its application of *Clairmont* to the undisputed facts presented here. Given that, our review is *de novo*. See *Petre v. Kucich*, 331 Ill. App. 3d 935, 941 (2002) (when "the relevant facts are undisputed and *** the trial court excluded proposed evidence based solely on its interpretation of case law, our review is *de novo*").

¶ 12    In *Clairmont*, the defendants, like defendant here, filed motions *in limine* to bar admission at trial of the results of the breath tests they took. *Clairmont*, 2011 IL App (2d) 100924, ¶ 5. The defendants argued, like defendant here, that the results were inadmissible because the breath-testing machines used to test the defendants were not certified as accurate in a timely manner. *Id.* More specifically, one defendant submitted to testing during a 71-day lapse between certification checks and the other submitted to testing in the midst of a 65-day lapse. *Id.* ¶¶ 6, 7. The trial court granted the defendants' motions *in limine*, and the State, which never advanced an argument that substantial compliance with the Code was had, appealed. *Id.* ¶¶ 7, 28.

¶ 13    On appeal, this court determined that section 1286.230 clearly mandated that certification checks be conducted every 62 days. *Id.* ¶ 14. When, as in *Clairmont*, the certification checks are done more than 62 days apart, the results of a breath test completed during that lapse are generally inadmissible at a defendant's trial. *Id.* ¶¶ 12, 14.

¶ 14    Here, as in *Clairmont*, more than 62 days passed between certification checks, and, like the defendants in *Clairmont*, defendant submitted to testing during that lapse. Accordingly, it might appear as if, like in *Clairmont*, the results of defendant's breath test are inadmissible at his trial.

¶ 15    However, unlike in *Clairmont*, the State here claims that the results of defendant's breath test should be admitted because the State substantially complied with the Code. In *Clairmont*, this court hinted more than once that the results of a breath test will indeed be admissible if the State establishes that substantial compliance with the regulation at issue was had. *Id.* ¶¶ 21, 28. Specifically, we stated:

"[W]e note that courts have held that a lack of strict compliance with certain regulations does not always render test results inadmissible. [Citation.] In such a case, the State may rebut the presumption of unreliability with proof that a test result is valid despite the lack of strict compliance with the regulation. [Citation.] Substantial compliance will be found where the deviation from the regulation neither affects the reliability of the test nor prejudices the defendant. [Citation.]" *Id.* ¶ 28.

As the State in *Clairmont* made clear that it was not making a substantial compliance argument, this court had no reason to consider whether the results of the defendants' breath tests were admissible because there was substantial compliance with the Code. *Id.*

¶ 16 Given that *Clairmont* suggests that the State may rebut the presumption that the results of a breath test are inadmissible if the proper accuracy tests are not had in a timely manner, we must conclude that applying *Clairmont* to the facts presented here, without regard to the State's substantial compliance argument, was improper. Accordingly, we vacate the order granting defendant's motion *in limine* and remand this cause for an evidentiary hearing on whether the State substantially complied with the Code. In doing so, we are in no way commenting on the merits of any substantial compliance argument the State may advance at that hearing.

¶ 17 For these reasons, the judgment of the circuit court of Du Page County is vacated, and this cause is remanded for further proceedings.

¶ 18 Vacated and remanded.