(No. 90388.—

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant, v. RUBY SMITH *et al.* (Jeremy Fisher *et al.*, Appellees).

*Opinion filed September 20, 2001.*

Frank C. Stevens and John R. Adams, of Taylor, Miller, Sprowl, Hoffnagle & Merletti, of Chicago, for appellant.

Francis P. Kasbohm, of Fraterrigo, Beranek, Feiereisel & Kasbohm, of Chicago, for appellees.

JUSTICE McMORROW delivered the opinion of the court:

The primary issue in this appeal is whether, in an automobile liability insurance policy, an "automobile business exclusion" violates the public policy of Illinois.

## BACKGROUND

On September 21, 1995, Maurice Barnes, accompanied by Ruby Smith, drove his vehicle to Harrah's Casino Cruises—Joliet (Harrah's). Barnes gave his vehicle to the valet service at Harrah's for parking. When Barnes and Smith left Harrah's, Jeremy Fisher, a valet driver employed by Harrah's, retrieved Barnes' automobile. Smith has alleged that, as she entered the passenger door, the vehicle rolled backwards, striking her and knocking her to the ground. Smith[1] brought an action against Barnes, Fisher, and Harrah's alleging various acts of negligence.

At the time of the accident, Barnes' vehicle was insured by State Farm Mutual Automobile Insurance Company (State Farm). On August 26, 1997, Fisher and Harrah's tendered their defense to State Farm. State Farm refused the tender on October 15, 1997. Subsequently, State Farm filed an action for declaratory judgment in the circuit court of Cook County, arguing that it had no duty to defend or indemnify Fisher or Harrah's based upon an automobile business exclusion clause in the State Farm insurance policy. State Farm moved for summary judgment on its action for declaratory judgment. Fisher and Harrah's responded to State Farm's motion for summary judgment and filed a cross-motion for summary judgment, arguing that State Farm could not rely on the automobile business exclusion. The circuit court held that the automobile business exclusion applied, and State Farm had no duty to defend or indemnify Fisher and Harrah's. Accordingly, the circuit court granted State Farm's motion for summary judgment.

Fisher and Harrah's appealed, arguing primarily that the automobile business exclusion in State Farm's insurance policy violates the public policy of Illinois, as stated in section 7—317(b)(2) of the Illinois Vehicle Code (see

---

[1] Smith is not a participant in this appeal.

625 ILCS 5/7—317(b)(2) (West 1998)), and as determined by this court in *State Farm Mutual Automobile Insurance Co. v. Universal Underwriters Group*, 182 Ill. 2d 240 (1998). The appellate court concluded that *Universal Underwriters'* holding that " 'a liability insurance policy issued to the owner of a vehicle must cover the named insured and any other person using the vehicle with the named insured's permission' " was controlling. 315 Ill. App. 3d 1159, 1165, quoting *Universal Underwriters*, 182 Ill. 2d at 244. Thus, the appellate court held that the automobile business exclusion violates the public policy of Illinois and, therefore, was unenforceable. 315 Ill. App. 3d at 1165.

We granted State Farm's petition for leave to appeal. 177 Ill. 2d R. 315(a). For the reasons that follow, we affirm the judgment of the appellate court.

## ANALYSIS

Courts will apply terms in an insurance policy as written unless those terms contravene public policy. *Illinois Farmers Insurance Co. v. Cisco*, 178 Ill. 2d 386, 392 (1997). Statutes are an expression of public policy. *Cates v. Cates*, 156 Ill. 2d 76, 110 (1993). Statutes in force at the time an insurance policy was issued are controlling, and a statute's underlying purpose cannot be circumvented by a restriction or exclusion written into an insurance policy. *Cummins v. Country Mutual Insurance Co.*, 178 Ill. 2d 474, 483 (1997). Accordingly, insurance policy provisions that conflict with a statute are void. *Illinois Farmers Insurance*, 178 Ill. 2d at 392.

I. Validity of Automobile Business Exclusion

The automobile business exclusion in the State Farm insurance policy at issue in the case at bar states:
"THERE IS NO COVERAGE:
1. WHILE ANY VEHICLE INSURED UNDER THIS SECTION IS:

\*\*\*

b. BEING REPAIRED, SERVICED OR USED BY ANY *PERSON* EMPLOYED OR ENGAGED IN ANY WAY IN A *CAR BUSINESS*. \*\*\*

\* \* \*

*Car business*—means a business or job where the purpose is to sell, lease, repair, service, transport, store or park land motor vehicles or trailers." (Emphases in original.)

The appellate court held that this exclusion is unenforceable, because it directly conflicts with the mandatory language of the Illinois Vehicle Code, with this court's decision in *Universal Underwriters*, and with the policy of mandatory automobile liability insurance legislation. 315 Ill. App. 3d at 1165.

Section 7—601(a) of the mandatory insurance act in the Illinois Vehicle Code requires that vehicles be insured through a liability insurance policy. 625 ILCS 5/7—601(a) (West 1998). Section 7—317(b)(2) of the safety responsibility law in the Illinois Vehicle Code states that a motor vehicle liability policy "[s]hall insure the person named therein and any other person using or responsible for the use of such motor vehicle or vehicles with the express or implied permission of the insured." 625 ILCS 5/7—317(b)(2) (West 1998). In *Universal Underwriters*, this court concluded that section 7—601(a), together with section 7—317(b)(2), mandates that "a liability insurance policy issued to the owner of a vehicle must cover the named insured and any other person using the vehicle with the named insured's permission." *Universal Underwriters*, 182 Ill. 2d at 244.

On the basis of section 7—317(b)(2) and this court's decision in *Universal Underwriters*, Fisher and Harrah's argue that the automobile business exclusion in State Farm's insurance policy violates the public policy of Illinois. According to Fisher and Harrah's, the automobile business exclusion violates the Illinois public policy that a vehicle owner's insurance carrier cover any person driv-

ing the owner's vehicle with the express or implied permission of the owner. They argue that, when a vehicle owner gives his vehicle to a person engaged in an automobile business—a business whose purpose is to sell, lease, repair, service, transport, store or park land motor vehicles or trailers—the owner is giving that person express or implied permission to use the vehicle. The automobile business exclusion thus violates Illinois' requirement that a vehicle owner's liability insurance policy cover any person using the owner's vehicle with the express or implied permission of the owner.

We agree that the automobile business exclusion in State Farm's insurance policy violates the public policy of Illinois as stated in the Illinois Vehicle Code. Section 7—317(b)(2) is clear. It mandates that a motor vehicle liability policy, or a liability insurance policy, cover the named insured and any other person using the vehicle with the named insured's permission. 625 ILCS 5/7—317(b)(2) (West 1998); *Universal Underwriters*, 182 Ill. 2d at 244. When a vehicle owner gives his vehicle to a person engaged in an automobile business, the owner is also giving that person the express or implied permission to use the vehicle. Therefore, a provision written into an insurance policy that excludes coverage for persons engaged in an automobile business necessarily excludes coverage for persons who are using an insured's vehicle with the insured's express or implied permission. The exclusion thus violates section 7—317(b)(2) of the Illinois Vehicle Code. As stated, an insurance policy provision which conflicts with a statute is void. *Illinois Farmers Insurance*, 178 Ill. 2d at 392. Accordingly, we hold that the automobile business exclusion in State Farm's insurance policy is void. State Farm, therefore, cannot rely on that exclusion to deny Fisher's and Harrah's tender.

State Farm asserts that we should follow the Supreme Court of Delaware's decision in *Universal Underwriters*

*Insurance Co. v. Travelers Insurance Co.*, 669 A.2d 45 (Del. 1995). In *Travelers*, the Supreme Court of Delaware held that an automobile business exclusion did not conflict with Delaware's mandated insurance program. The Delaware Motor Vehicle Financial Responsibility Law required that every insurance policy provide liability insurance for the named insured and any other person using the insured's vehicle with the insured's express or implied permission. *Travelers*, 669 A.2d at 47-49. In reaching its conclusion that the automobile business exclusion did not conflict with this statute, the Supreme Court of Delaware stated that "recognition of the exclusion may advance the cause of full recovery through responsible insurance by removing an incentive for auto related businesses to forgo purchasing insurance to cover their activities. [Automobile] [b]usinesses *** should assume direct responsibility for the conduct of their employees through the purchase of insurance which reflects these unusual risks. Private vehicle owners *** who turn their vehicles over to a business for service or other uses benefitting the business owner should not bear the responsibility of protecting the public from a business use of the vehicle." *Travelers*, 669 A.2d at 48-49.

The *Travelers* court focused its discussion on policy issues concerning general problems that may arise if the automobile business exclusion were not enforced. However, the court offered no explanation as to why the automobile business exclusion did not violate the terms of Delaware's mandated insurance program. Because the court offered no explanation, we find *Travelers* unpersuasive and decline to follow it.

The Illinois legislature has decided that the public policy of Illinois requires that an insurance company that issues a liability insurance policy or motor vehicle liability policy to an insured must cover the insured and any other person who has received the insured's express

or implied permission to use the vehicle. As our appellate court noted in the case at bar, "[t]he purpose of mandatory automobile liability insurance is not only to protect the owner against liability or some other insurance company; rather, its principal purpose is to protect the public by securing payment of their damages." 315 Ill. App. 3d at 1163. See also *Insurance Car Rentals, Inc. v. State Farm Mutual Automobile Insurance Co.*, 152 Ill. App. 3d 225, 232 (1987); *Continental Casualty Co. v. Travelers Insurance Co.*, 84 Ill. App. 2d 200, 206 (1967). This court may not establish a public policy which is contrary to the public policy that the Illinois legislature has determined is appropriate for the State of Illinois. See *Michigan Avenue National Bank v. County of Cook*, 191 Ill. 2d 493, 522 (2000), quoting *People v. Garner*, 147 Ill. 2d 467, 475-76 (1992) ("courts may not legislate, rewrite or extend legislation. If the statute as enacted seems to operate in certain cases unjustly or inappropriately, the appeal must be to the General Assembly, and not to the court").

We note that our holding in the case at bar is in conformity with the holdings of a majority of those jurisdictions which have considered the issue presented. See, *e.g.*, *Scott v. Salerno*, 297 N.J. Super. 437, 445, 688 A.2d 614, 618 (1997) ("[i]n view of the strong public policy of [New Jersey] to provide coverage to anyone using an automobile with the owner's permission, the exclusion from that coverage of anyone using the automobile while parking or storing that automobile *** is void and unenforceable"); *Louisiana Farm Bureau Casualty Insurance Co. v. Darjean*, 554 So. 2d 1376, 1377-78 (La. 1989) (automobile business exclusion violates the Louisiana legislature's intent that "an owner's or operator's policy of liability insurance '[s]hall insure the person named therein and any other person, as insured, using any such motor vehicle ... with the express or

implied permission of such named insured' " (emphases omitted)); *Farmland Mutual Insurance Co. v. Moore Cadillac-Oldsmobile, Inc.*, 283 S.C. 33, 35, 320 S.E.2d 719, 720 (1984) ("Aetna's attempt to exclude coverage to those engaged in the automobile business is an impermissible attempt to re-define the term 'insured' to narrow the coverage required by the statute," which includes in its definition of "insured" any person using the named insured's vehicle with the insured's express or implied consent); *DeWitt v. Young*, 229 Kan. 474, 479, 625 P.2d 478, 482 (1981) (automobile business exclusion violates the public policy of Kansas as found in Kansas' mandatory insurance coverage statute, which states that every motor vehicle liability insurance policy must insure any person using the named insured's vehicle with the insured's express or implied consent); *Exchange Casualty & Surety Co. v. Scott*, 56 Cal. 2d 613, 622, 364 P.2d 833, 838, 15 Cal. Rptr. 897, 902 (1961) (holding that an insurance policy's provision excluding coverage for "any person *** operating an automobile sales agency, repair shop, service station, storage garage or public parking place" conflicted with a California statute requiring that a motor vehicle liability policy cover the named insured and any other person using the vehicle with the express or implied permission of the insured).

In holding that the automobile business exclusion is unenforceable, we reject State Farm's argument that an amendment to section 7—601(a) "allows automobile insurers in Illinois to employ an automobile business exclusion." In January 1997, the General Assembly amended section 7—601(a) and added the sentence: "Nothing herein shall deprive an insurer of any policy defense available at common law." Pub. Act 89—669, § 10, eff. January 1, 1997, amending 625 ILCS 5/7—601(a) (West 1994). According to State Farm, the legislature included this sentence to allow insurers to retain

the policy defenses they have under common law. Because Illinois courts have previously applied the automobile business exclusion, State Farm argues that the exclusion is "an exception recognized by the common law."

Even assuming that the amendment has retroactive effect and is applicable to the case at bar, we disagree with State Farm's interpretation of the amendment. We interpret the sentence "[n]othing herein shall deprive an insurer of any policy defense available at common law" to mean that nothing in the mandatory insurance act prohibits an insurance company from asserting traditional common law defenses. We construe the phrase "policy defense available at common law" to refer to customary common law contract defenses, such as fraud or misrepresentation, illegality or justiciability. Exclusions written into an insurance policy by the insurance company are not "policy defenses available at common law." Rather, they are contractual provisions and, therefore, do not fall within the meaning of the amendment. As such, the amendment is not relevant to the case at bar.

We also reject State Farm's argument that a public policy which requires a liability insurance policy to cover "any other person using the vehicle with the named insured's permission" prohibits virtually every possible exclusion that an insurer may include in its policy. State Farm contends that section 7—602 of the Vehicle Code (625 ILCS 5/7—602 (West 1998)), which discusses the requirements for insurance cards, specifically authorizes the use of policy exclusions because it states that an insurance card must contain a disclaimer stating " '[e]xamine policy exclusions carefully.' " 625 ILCS 5/7—602 (West 1998).

Our decision in this case examines only the automobile business exclusion. We have been called upon to determine whether that exclusion violates the public policy of Illinois. As stated, we have concluded that the

automobile business exclusion conflicts with section 7—317(b)(2) of the Illinois Vehicle Code. The permissibility of other possible policy exclusions is not before us today, and we express no opinion as to any other exclusion. We simply hold that the exclusion at issue in this case—the automobile business exclusion—violates the public policy of Illinois, as determined by the General Assembly.

In light of our determination that the automobile business exclusion cannot be enforced by State Farm, we need not consider the remaining arguments offered by Fisher and Harrah's that the automobile business exclusion does not apply to the facts of this case and that the exclusion is ambiguous.

In conclusion, we hold that State Farm cannot enforce the automobile business exclusion written into the policy it issued to Barnes. Therefore, we reverse the circuit court's entry of summary judgment in favor of State Farm. Other than the automobile business exclusion, State Farm has offered no basis—either in its complaint for declaratory judgment, its motion for summary judgment, or its reply to the cross motion for summary judgment filed by Fisher and Harrah's—for refusing to defend and indemnify Fisher and Harrah's. Therefore, we remand the cause to the circuit court for entry of summary judgment in favor of Fisher and Harrah's.

## II. Costs and Attorney Fees

Fisher and Harrah's contend that State Farm advanced its coverage position in bad faith. Thus, Fisher and Harrah's argue that, pursuant to section 155 of the Illinois Insurance Code (215 ILCS 5/155 (West 1998)), they are entitled to reimbursement of attorney fees, as well as sanctions against State Farm. Section 155(1) of the Illinois Insurance Code states:

> "In any action by or against a company wherein there is in issue the liability of a company on a policy or policies of

insurance or the amount of the loss payable thereunder, or for an unreasonable delay in settling a claim, and it appears to the court that such action or delay is vexatious and unreasonable, the court may allow as part of the taxable costs in the action reasonable attorney fees, [and] other costs ***[.]" 215 ILCS 5/155(1) (West 1998).

Fisher and Harrah's argue that State Farm engaged in vexatious and unreasonable conduct in denying Fisher's and Harrah's tender.

As the appellate court in this case noted, where a *bona fide* dispute concerning coverage exists, costs and sanctions are inappropriate. 315 Ill. App. 3d at 1167. In this case, the circuit court determined that State Farm correctly relied on the automobile business exclusion in denying Fisher and Harrah's tender. The appellate court, as well as this court, determined that the automobile business exclusion is void as against public policy. Therefore, we hold that there existed a *bona fide* dispute concerning State Farm's potential coverage in the case at bar. Therefore, costs and sanctions are inappropriate and are denied.

## CONCLUSION

For the foregoing reasons, the judgment of the appellate court is affirmed.

*Appellate court judgment affirmed.*