FIRST DIVISION

May 17, 2004                                             

No. 1-02-3551

FARMERS AUTOMOBILE INSURANCE       

ASSOCIATION,

Plaintiffs-Appellants, 

v. 

UNIVERSAL UNDERWRITERS INSURANCE

COMPANY, 

Defendants-Appellees.

) Appeal from the 

) Circuit Court

) of Cook County.

)

) No. 01 CH 14845

)

)

)

) Honorable

) Stephen A. Schiller,

) Judge Presiding.

JUSTICE O'MALLEY delivered the opinion of the court:

Plaintiff Farmers Automobile Insurance Association (Farmers) appeals from an order of the trial court granting defendant Universal Underwriters Insurance Company's (Universal) motion to
 dismiss, holding that Universal did not owe collision coverage to Farmers' three insureds. In the instant appeal, Farmers asks us to determine whether the dealer's insurer, Universal, is required to indemnify the drivers for collision damages to dealer-owned automobiles. The trial court found no such requirement, and we affirm.

BACKGROUND

Plaintiff Farmers' three insureds, driving auto dealer vehicles with permission, caused the following collision damage to the dealer autos: (1) Mark Wilder, test-driving a Geiser Ford, Inc., Ford Mustang, caused $2,433.45 damage to the dealer auto; (2) Cecilia M. Butler, test-driving a Sierra Motors, Inc., Plymouth Grand Voyager, caused $13,878.57 damage to the dealer auto; (3) Carol Jones, using a Ford Taurus loaner auto from Geiser Ford, Inc., caused $6,037.31 damage to the dealer auto.

Universal paid these collision claims from the dealers for the damages to the three autos and then sought recovery from the three individuals by way of subrogation, which triggered Farmers' complaint. Farmers' complaint contended that Universal was responsible to Farmers' three insureds for the collision coverage, and that Farmers was not responsible because its policies provided collision coverage only on an excess basis when its insureds damaged nonowned autos they were driving. Universal then filed a motion to dismiss, and Farmers filed a motion for judgment on the pleadings. On April 22, 2002, the trial court granted Farmers' motion for judgment on the pleadings and entered judgment in favor of Farmers. 

Upon denial of its motion to dismiss, Universal filed a motion for rehearing, calling attention to two matters that Universal asserted to be error. Universal contended that the trial court erred, first, by treating permissive users as "insureds" under Universal Underwriters' Auto Inventory Physical Damage Coverage Part 300 and second, by inserting a collision coverage requirement into the Mandatory Insurance Act, (625 ILCS 5/7-601 (West 1998)). 

On October 31, 2002, the trial court agreed with Universal and reversed its order of April 22, 2002, thereby granting Universal's motion to dismiss. The trial court declared that Farmers' insureds were not covered as permissive users under Universal's Auto inventory coverage part 300, and the mandatory insurance statute, while requiring vehicle owners to provide "liability" insurance, does not require that collision coverage be provided. 625 ILCS 5/7-601 (West 1998). Farmers then filed its timely notice of appeal.

ANALYSIS

The question of whether an auto owner or auto dealer owes collision coverage to a permitted user of its auto was an issue of first impression when the trial court first addressed Farmers' complaint in this case. During the pendency of this appeal, however, this court decided this issue in the case of 
Universal Underwriters Group v. Pierson
,
 337 Ill. App. 3d 893, 897, 787 N.E. 2d 296 (2003). 

The decision in 
Universal Underwriters Group v. Pierson
, 337 Ill. App. 3d 893, 897, 787 N.E. 2d 296 (2003), involved the same Universal "Auto Inventory Coverage Part 300" and the same type of factual setting as are at issue here. In 
Pierson
, the permitted user of a dealer auto caused collision damage to the auto and the permitted user's insurer contended that Universal, the insurer of the auto dealer, owed the permitted user collision coverage.

This court in 
Pierson
 held that Universal owed no collision coverage to the permitted user customer of the auto dealer which was insured by Universal. First, this court reviewed the same Part 300 of the insurance policy at issue in this case and concluded that the section's protections, as defined therein, included only the dealer and its partners and employees, not others driving a vehicle with the dealer's permission.  
Pierson
, 337 Ill. App. 3d at 895. This is because Part 300, while covering the type of loss caused by the accident, lacked the same expansive definition of "Who is an insured" specifically listed in other parts of the policy. 
Pierson
, 337 Ill. App. 3d at 895.  For example, the court in 
Pierson
 reviewed Part 500, which explicitly included a section of defined "Exclusions," listing "personal property, including AUTOS, owned by, rented or leased to, used by, in the care, custody or control of, or being transported by the INSURED" in that list.  
Pierson
, 337 Ill. App. 3d at 895.  Unlike Part 500, Part 300 did not include such specific exclusions. As such, the 
Pierson
 court reasoned that the policy's terms therefore provided coverage for the dealer's permitted users for damages sought by injured third parties, and compensation for the dealer for loss to its car, but not the permitted user for damages to the dealer car she drove.  
Pierson
, 337 Ill. App. 3d at 895. 

The 
Pierson
 court further addressed the mandatory insurance statute, holding that public policy does not require an auto owner/dealer to provide collision coverage for permitted user customers of its auto. Noting that the mandatory insurance statute requires vehicle owners to provide "liability" insurance, the court reasoned that, by leaving out terms to the contrary, our legislature appears to have enacted a provision requiring insurance coverage only for claims advanced by third parties injured by a driver and not for the losses of the driver or the vehicle.  
Pierson
, 337 Ill. App. 3d at 896.

This court further noted that this conclusion is well-settled and confirmed by our courts' interpretations of the public policy underlying the mandatory insurance law. According to the supreme court in 
State Farm Mutual Automobile Insurance Co. v. Smith
, 197 Ill. 2d 369, 376, 757 N.E.2d 881 (2001), "the mandatory insurance statute's "principle purpose" is "to protect the public by securing payment of their damages." In 
Smith
, as noted by the court in 
Pierson
, the party seeking damages was an individual injured by the insured's vehicle, not the insured or its permissive user seeking recovery for injury to his own person or to the insured vehicle. Upon review of public policy in Illinois, the court in 
Pierson
 concluded that public policy mandates that claims of injured third parties be covered by a car owner's insurance policy, but there is no indication that it extends to require coverage for damages to the insured vehicle while in the control of a permissive user. 
Pierson
, 337 Ill. App. 3d at 897.

Farmers cites to several Illinois cases to support its contention that primary coverage is generally placed on the insurer of the vehicle rather than the insurer of the driver, regardless of whether the permissive user is insured under a separate personal liability policy. 
State Farm Mutual Automobile Insurance Co. v. Smith
, 197 Ill. 2d 369, 375-76, 757 N.E.2d 881 (2001); 
Country Mutual Insurance Co. v. Universal Underwriters Insurance Co.
, 316 Ill. App. 3d 161, 735 N.E.2d 1032 (2000); 
Pekin Insurance Co. v. State Farm Mutual Automobile Insurance Co.
, 305 Ill. App. 3d 417, 711 N.E.2d 1227 (1999); 
State Farm Mutual Automobile Insurance Co. v. Universal Underwriters Group
, 182 Ill. 2d 240, 695 N.E. 2d 848 (1998). Farmers fails to recognize a crucial element of the statute, however, as the mandatory insurance statute only requires liability insurance, not primary insurance, as noted by this court in 
Pierson
. 
Pierson
, 337 Ill. App. 3d at 896. As such, Farmers next argument that permissive users cannot be excluded under certain sections of the owner's liability policies fails because the coverage at issue in this case is primary, not liability insurance.

Farmers further attempts to extend public policy in Illinois from one that simply mandates coverage for injury to third parties, to a broader policy that requires coverage for damage to the vehicle driven by an insured's permitted user. There is simply no indication, however, by the legislature or the courts showing a willingness to provide such extensive coverage. In 
Pierson
, this court noted that courts and legal commentators have reached widespread consensus on the meaning of the term "liability" insurance, which is much more narrowly defined than Farmers argues. According to this court in 
Pierson
, Illinois public policy mandates that claims by injured third parties be covered by a car owner's insurance policy, but there is no indication that it extends to require coverage for damages to the insured vehicle while in the control of a permissive user. That is currently the responsibility of the user's insurance carrier. This court further noted in 
Pierson
 that "[c]ourts of other jurisdictions, interpreting the interplay between their mandatory insurance provisions and insurance policy terms nearly identical to those we review here, have reached the same conclusion." 
Pierson
, 337 Ill. App. 3d at 897, citing 
Western Motor Co. v. Koehn
, 242 Kan. 402, 748 P.2d 851 (1988).

Finally, Farmers argues that the trial court committed reversible error in granting Universal's motion for rehearing because Universal did not satisfy the requirements for a motion to reconsider.  Universal's motion requested the trial court to reconsider the matter "in light of its being a matter of first impression and there being a separation of powers of the three branches of government constitutional violation if collision coverage is read into state statutes where no such provision is found therein." Farmer's contention is without merit. 

The intended purpose of a motion to reconsider is to bring to the court's attention newly discovered evidence, changes in the law, or errors in the court's previous application of existing law. The decision to grant or deny a motion for reconsideration lies within the discretion of the circuit court and will not be reversed absent an abuse of that discretion. 
Chelkova v. Southland Corp.
, 331 Ill. App. 3d 716, 729-30, 771 N.E. 2d 1100 (2002), citing 
Landeros v. Equity Property & Development
, 321 Ill. App. 3d 57, 65, 747 N.E.2d 391 (2001). The court in this case clearly did not abuse its discretion in granting the motion for rehearing. Universal's motion was appropriate in that it suggested that the court may have erred in its prior decision on the matter, as the decision had the practical effect of violating the separation of powers clause of the 1970 Illinois Constitution by reading collision coverage into the state statute where no such provision is found therein. 

Further, according to the 
supreme court in 
Kingbrook, Inc. v. Pupurs
, a postjudgment motion in a non-jury case is sufficient, even if it consists of merely a single sentence. 
Kingbrook, Inc. v. Pupurs
, 202 Ill. 2d 24, 779 N.E. 2d 867, citing 735 ILCS 5/2-1202(b) (West 1998). The court in that case held that a single sentence moving the court to reconsider its decision was proper. The court reasoned that Supreme Court Rule 303(a)(1) (155 Ill. 2d R. 303 (a)(1)) makes no mention of the contents of any postjudgment motion, nor does section 2-1203(a) of the Code speak to the contents of any such motion. 
Kingbrook
, 202 Ill. 2d at 28-29. 
If the supreme court held that a single sentence was proper, then there is no reason to add additional requirements to the motion in the instant case. We therefore find no reversible error in the trial court's ruling on the motion.

Accordingly, the judgment of the circuit court of Cook county is affirmed.

GORDON and McNULTY, JJ., concur.