# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *American Service Insurance Co. v. Arive*, 2012 IL App (1st) 111885

---

| | |
|---|---|
| Appellate Court Caption | AMERICAN SERVICE INSURANCE COMPANY, Plaintiff-Appellee, v. DENISE D. ARIVE, Defendant-Appellant. |
| District & No. | First District, Fourth Division<br>Docket No. 1-11-1885 |
| Filed | September 20, 2012 |
| Rehearing denied | October 30, 2012 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Where the driver of a vehicle involved in an accident was named on the policy issued by plaintiff as a driver excluded from coverage, plaintiff had no duty to defend or indemnify the insured, the driver's mother, in the suit arising from the accident, regardless of whether the driver's name was listed on the insurance card as a person excluded from coverage. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 09-CH-49746; the Hon. Rita M. Novak, Judge, presiding. |
| Judgment | Affirmed. |

| Counsel on Appeal | Charles A. Cohn, of Cohn & Cohn, of Chicago, for appellant. |
| | |
| | Bonnie S. Singer, of Goldman & Grant, of Chicago, for appellee. |
| | |
| Panel | JUSTICE EPSTEIN delivered the judgment of the court, with opinion. Justices McBride and Taylor concurred in the judgment and opinion. |

**OPINION**

¶ 1    This action arises out of an automobile liability insurance policy issued by American Service Insurance Company (American Service) to Marenda Schultz. The liability policy covered Marenda's Chevrolet Astro van, but contained a named-driver exclusion for Marenda's daughter, Kayla, which excluded coverage for any losses incurred while the car was driven by Kayla.

¶ 2    In October 2008, the van, driven by Kayla, collided with a bus driven by Denise Arive. Arive later filed an action against Kayla and Marenda Schultz for personal injuries sustained in the accident. Subsequently, American Service filed a declaratory judgment action against Arive, Kayla and Marenda Schultz, the bus company that operated the bus, and various passengers on the bus during the incident. American Service argued that it had no duty to defend or indemnify the defendants with respect to any claims arising from the accident because Kayla was an excluded driver on the liability policy.

¶ 3    The parties filed cross-motions for summary judgment. American Service asserted that Kayla was an excluded driver pursuant to the policy and therefore was afforded no coverage. Arive argued that the named-driver exclusion in the American Service policy was unenforceable because American Service had not listed Kayla as an excluded driver on the insurance card. In reply, American Service attached an insurance card listing Kayla as an excluded driver with its brief, along with an affidavit from a claims representative at American Service who was presented to establish that the card was a business record. Arive responded that the affidavit and attached insurance card were not timely filed and that the affiant was incompetent to testify regarding the insurance card.

¶ 4    The circuit court granted American Service's motion and denied Arive's motion. The court found that Kayla Schultz was an excluded driver under the American Service policy. The court reasoned that "pursuant to the language in the Appellate Court decision in *Founders Insurance Company v. Muñoz*, [389 Ill. App. 3d 744 (2009), *aff'd in part & rev'd in part*, 237 Ill. 2d 424 (2010),] the dispute between the parties with regard to the question of whether an insurance card was issued listing Kayla Schultz as an excluded driver *** is moot." This appeal followed.

¶ 5                                    ANALYSIS

¶ 6        The only issue that we need to address on appeal is whether an insurer, in order to enforce a named-driver exclusion in an automobile liability policy, must list the names of the excluded drivers on the insurance card it provides to the insured. Arive does not challenge this court's decision in *St. Paul Fire & Marine Insurance Co. v. Smith*, 337 Ill. App. 3d 1054 (2003), which held that a named-driver exclusion in an automobile liability insurance policy does not contravene Illinois public policy. 337 Ill. App. 3d at 1062. Relying on section 7-602 of the Illinois Vehicle Code (the Code) (625 ILCS 5/7-602 (West 2008)), which provides that an insurance card "shall contain a warning" of any named-driver exclusion, Arive argues that a named-driver exclusion is void if the excluded driver's name does not appear on the insurance card provided to the insured.[1] The circuit court rejected this argument and granted summary judgment in favor of American Service.

¶ 7        We review the trial court's decision to grant summary judgment *de novo*. *Outboard Marine Corp. v. Liberty Mutual Insurance Co.*, 154 Ill. 2d 90, 102 (1992). Summary judgment is appropriate where "the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." 735 ILCS 5/2-1005(c) (West 2008). Summary judgment "should only be granted if the movant's right to judgment is clear and free from doubt." *Outboard Marine Corp.*, 154 Ill. 2d at 102.

¶ 8        In *St. Paul Fire & Marine Insurance Co. v. Smith*, this court addressed an issue of first impression in Illinois: "whether a named driver exclusion in an automobile liability insurance policy violates Illinois public policy." *St. Paul*, 337 Ill. App. 3d at 1056. We examined our supreme court's holding that " 'a liability insurance policy issued to the owner of a vehicle must cover the named insured and any other person using the vehicle with the named insured's permission.' " *Id.* at 1059 (quoting *State Farm Mutual Automobile Insurance Co. v. Smith*, 197 Ill. 2d 369, 372 (2001)). The court in *Smith* held that an exclusion that purported to deny liability coverage while any insured vehicle was given to a person engaged in an automobile business was void as against public policy, but the court cautioned that " '[t]he permissibility of other possible policy exclusions is not before us today, and we express no opinion as to any other exclusion.' " *Id.* at 1061 (quoting *Smith*, 197 Ill. 2d at 379).

¶ 9        When faced with the named-driver exclusion in *St. Paul*, we looked to section 7-602 of the Illinois Vehicle Code, which provides in part:

          "If the insurance policy represented by the insurance card does not cover any driver operating the motor vehicle with the owner's permission, or the owner when operating a motor vehicle other than the vehicle for which the policy is issued, the insurance card

---

[1]As noted above, the parties dispute whether it was proper for the circuit court to consider the insurance card attached to American Service's reply brief, which, according to American Service, establishes that Marenda Schultz's card did list Kayla as an excluded driver. In light of our resolution below, we need not address this issue. We further note that the circuit court did not consider the insurance card as a basis for her ruling.

-3-

shall contain a warning of such limitations in the coverage provided by the policy." 625 ILCS 5/7-602 (West 2008).

*St. Paul*, 337 Ill. App. 3d at 1059. We reasoned that "[t]he plain language of this statute appears to recognize that insurance policies may exclude named drivers from coverage." *St. Paul*, 337 Ill. App. 3d at 1060. Section 7-602 and its supporting administrative regulations thus served as "evidence that the legislature intended to carve out a narrow exception for the named driver exclusion." *Id.* Citing several decisions from other jurisdictions, we noted the public policy rationales for a named-driver exclusion: (1) protecting all potential claimants from damages resulting from automobile accidents by enabling drivers with family members having poor driving records to obtain affordable insurance; and (2) deterring insured drivers from entrusting their vehicles to unsafe excluded drivers. *Id.* at 1061 (collecting cases). Our decision in *St. Paul* made no mention of any requirement that the insurer must list the excluded drivers on its insurance cards in order to enforce the named-driver exclusion.

¶ 10      Following *St. Paul*, this court considered the same argument that Arive advances here in *Founders Insurance Co. v. Muñoz*, 389 Ill. App. 3d 744 (2009), *aff'd in part and rev'd in part*, 237 Ill. 2d 424 (2010). *Founders* addressed five consolidated appeals, one of which, No. 1-07-0792, included a named-driver exclusion. We rejected the defendants' claim that the exclusion was unenforceable where the excluded driver's name was not listed on the insurance card:

> "Defendants have not enlightened us with any authority, statutory or otherwise, in support of this novel interpretation, nor have we located any. Accordingly, we find no statutory impediment to enforcement of Founders' named driver exclusion in 1–07–0792 excluding Alberto Muñoz from coverage in the accident of March 11, 2005." *Founders*, 389 Ill. App. 3d at 757.

We affirmed the grant of summary judgment in case No. 1-07-0792, but reversed the grant of summary judgment in the four related cases, finding that there were factual issues as to whether a reasonable-belief exclusion applied. *Id.* Our supreme court reversed in part, concluding that the reasonable-belief exclusions applied as a matter of law. *Founders*, 237 Ill. 2d at 445-46. In case No. 1-07-0792, the supreme court affirmed on the basis of the reasonable-belief exclusion, but explicitly stated that it "need not consider" the applicability of the named-driver exclusion. *Id.* at 445-46.

¶ 11      Arive first contends that the circuit court erred in relying on *Founders* because the appellate court's discussion of the named-driver exclusion in *Founders* was "pure *dicta*." We disagree. This court's discussion of the named-driver exclusion is not *dictum*, either *obiter dictum* or *judicial dictum*:

> "The term '*dictum*' is generally used as an abbreviation of *obiter dictum*, which means a remark or opinion uttered by the way. Such an expression or opinion as a general rule is not binding as authority or precedent within the *stare decisis* rule. [Citations.] On the other hand, an expression of opinion upon a point in a case argued by counsel and deliberately passed upon by the court, though not essential to the disposition of the cause, if *dictum*, is a judicial *dictum*. [Citations.] And further, a judicial *dictum* is entitled to much weight, and should be followed unless found to be erroneous. [Citations.]" *Cates*

*v. Cates*, 156 Ill. 2d 76, 80 (1993).

Our opinion in *Founders* finding the named-driver exclusion enforceable was essential to the disposition of the case: it was the only reason we affirmed case No. 1-07-0792. See *Founders*, 389 Ill. App. 3d at 756. The supreme court's review affirmed the appellate court's decision in case No. 1-07-0792 on other grounds, leaving the appellate court's reasoning as to the named-driver exclusion intact. *Founders*, 237 Ill. 2d at 446. In any event, even if the appellate court's treatment of the named-driver exclusion were *dictum*, it would be judicial *dictum*, which "is entitled to much weight, and should be followed unless found to be erroneous." *Cates*, 156 Ill. 2d at 80. The trial court did not err in relying on *Founders*.

¶ 12    We see no reason to depart from our decision in *Founders*. Arive's argument starts from a false premise: Arive assumes that section 7-602, by describing the formal requirements of an insurance card, reflects a statement of public policy that renders provisions within the policy unenforceable. While "[s]tatutes are an expression of public policy," the inquiry here is whether the exclusion written into the insurance policy circumvents "a statute's *underlying purpose*." (Emphasis added.) *Smith*, 197 Ill. 2d at 372. "An agreement will not be invalidated on public policy grounds unless it is clearly contrary to *what the constitution, the statutes or the decisions of the courts have declared to be the public policy* or unless it is manifestly injurious to the public welfare." (Emphasis added.) *Progressive Universal Insurance Co. of Illinois v. Liberty Mutual Fire Insurance Co.*, 215 Ill. 2d 121, 129-30 (2005). The court in *St. Paul* referenced section 7-602, among other things, as an indication that the legislature "recognize[d] that insurance policies may exclude named drivers from coverage" and that such exclusions were therefore consistent with the public policy of Illinois. *St. Paul*, 337 Ill. App. 3d at 1060. The *St. Paul* court did not, however, read section 7-602 as reflecting a public policy that any named-driver exclusion is void when the insurer does not list that exclusion on the insurance card. In other words, the court's reference to section 7-602 tells us nothing about that statute's "underlying purpose."

¶ 13    When we consider the "underlying purpose" of section 7-602, it is clear that the statute's requirements as to the form of an insurance card are wholly unrelated to the validity of exclusions that appear in the policy. The insurance card is simply a form of "evidence," albeit a convenient one, that a driver may present as proof of insurance to a "law enforcement officer"; an insurance card is *not* a substitute for the policy language. See 625 ILCS 5/7-602 (West 2008) (listing insurance card as one form of "evidence of insurance" that "shall be displayed on request made by any law enforcement officer," but noting that the card "does not constitute any part of [an] insurance policy"). Requiring an insurer to include the specific exclusion on the card allows a police officer to make sure that the driver of the vehicle is not an excluded (and therefore uninsured) driver. Without any indication on the card that particular drivers are not covered by the policy, an excluded driver could present an insurance card, claim status as a permissive user, and thereby avoid the penalties associated with driving while uninsured.[2] Similarly, an insurance card must display "an effective date

---

[2]A driver who "fails to comply with a request by a law enforcement officer for display of evidence of insurance, as required under Section 7-602 of this Code, shall be deemed to be operating

-5-

and an expiration date" (*id.*), which assures the officer that the driver's policy is currently in effect. Taken together, the requirements for insurance cards in section 7-602 relieve drivers of the obligation of carrying their insurance policies, while ensuring that police officers have enough information to assess whether the driver is covered by a policy currently in effect.

¶ 14    We question what public policy goals would be furthered if we hold that the failure to name the excluded insured on the insurance card voids the named-driver policy exclusion. While Arive offers no coherent answer on appeal, she does suggest that it would be a good idea to require insurers to remind the insured of the policy's terms. In this case, for example, Marenda Schultz claimed she did not have knowledge of the exclusion for Kayla, even though she does not dispute that the exclusion was part of her policy. As noted above, however, these policy goals do not reflect section 7-602's underlying purpose. The most plausible reading of section 7-602 is that it is meant to inform *others*, namely, "law enforcement officers," that the person behind the wheel has no current insurance–not to give further notice to the insured about policy exclusions. In fact, the General Assembly requires insurers to warn insureds that the insurance card is not a summary of the policy: "Examine policy exclusions carefully. This form does not constitute any part of your insurance policy." (Internal quotation marks omitted.) 625 ILCS 5/7-602 (West 2008). Additionally, an insurance card would be a poor vehicle to provide notice of policy provisions, as an insured is not even required to carry an insurance card. See *id.* (insured can carry "the current declarations page of a liability insurance policy" rather than insurance card as proof of insurance).

¶ 15    We recognize that where section 7-602 does not impose a penalty on an insurance company for failing to provide an insurance card listing any excluded drivers, voiding policy provisions based on insurance card errors would of course provide an incentive for insurers to list any excluded drivers and other required information on the insurance card. The lack of a statutory penalty, however, does not permit us to fashion our own. See, *e.g.*, *Requena v. Cook County Officers Electoral Board*, 295 Ill. App. 3d 728, 734 (1998) (refusing to impose sanction of disqualification where none was prescribed in statute "without a clear indication from the General Assembly that this is the appropriate penalty"); *Henrich v. Libertyville High School*, 186 Ill. 2d 381, 394 (1998) (noting that courts "cannot restrict or enlarge the meaning of an unambiguous statute" or "rewrite statutes to make them consistent with the court's idea of orderliness and public policy").

¶ 16    As to the specific penalty that Arive requests in this case–rendering an otherwise valid named-driver exclusion void–the General Assembly has never expressed an intent to impose such a drastic result based on noncompliance with the insurance card requirements in section 7-602. The legislature could easily have done so. *Cf. Progressive Michigan Insurance Co. v. Smith*, 791 N.W.2d 480, 482 (Mich. Ct. App. 2010) (considering a Michigan law that voids the named-driver exclusion unless a warning of the exclusion appears "on the face of the policy or the declaration page or certificate of the policy and on the certificate of

an uninsured motor vehicle," and shall be subject to the penalties in section 3-707 of the Code. 625 ILCS 5/3-707(b) (West 2008); see also *People v. Nash*, 409 Ill. App. 3d 342, 349 (2011).

insurance" (internal quotation marks omitted)). Where the legislature has not expressed an intent to invalidate a provision of a private agreement for failure to comply with section 7-602, however, Arive is left without support from any authority, statutory or otherwise, to support her view of "public policy." Our supreme court has cautioned that "[t]he power to declare a private contract void as against public policy is *** exercised sparingly," and we must be careful not to violate "[t]he freedom of parties to make their own agreements." *Progressive Universal*, 215 Ill. 2d at 129. Without a clear directive from the legislature that requirements as to the form of an insurance card dictate the enforceability of policy exclusions, we cannot declare the exclusion here void as against public policy.

¶ 17　　We conclude that there is no indication that the General Assembly intended to render a valid named-driver exclusion unenforceable where the excluded driver's name does not appear on the insurance card. The underlying purpose of section 7-602 is to ensure that law enforcement officers have adequate proof of insurance to assess whether a driver is in fact a named insured on the policy. Accordingly, the named-driver exclusion in American Service's policy is enforceable, regardless of whether Marenda Schultz's insurance card listed Kayla Schultz as an excluded driver. Where it is undisputed that the American Service policy excluded coverage for Kayla Schultz, American Service had no duty to defend or indemnify the Schultzes in the Arive suit. The circuit court's entry of summary judgment in favor of American Service was not in error, and we therefore affirm the judgment of the circuit court of Cook County.

¶ 18　　Affirmed.