# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

*American Access Casualty Co. v. Reyes*, 2012 IL App (2d) 120296

---

| | |
|---|---|
| Appellate Court Caption | AMERICAN ACCESS CASUALTY COMPANY, Plaintiff and Counterdefendant-Appellee, v. ANA REYES, BRIGIDO JASSO, Individually and as Independent Administrator of the Estate of Sergio Jasso, Deceased, and ROCIO JASSO, Defendants (State Farm Insurance Company, Defendant and Counterplaintiff-Appellant). |
| District & No. | Second District<br>Docket No. 2-12-0296 |
| Filed | December 28, 2012 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | The automobile liability policy issued by plaintiff naming defendant, the titleholder of the insured vehicle, as the named insured but excluding her from coverage was invalid due to the violation of the public policy mandating insurance coverage; therefore, the entry of summary judgment finding plaintiff had no duty to provide a defense for defendant in an action arising from injuries she caused was reversed and the cause was remanded for a determination of whether the policy provided coverage. |
| Decision Under Review | Appeal from the Circuit Court of Kane County, No. 10-MR-56; the Hon. Thomas E. Mueller, Judge, presiding. |
| Judgment | Reversed and remanded. |

| Counsel on Appeal | Dennis A. Brebner and Keith J. Rhine, both of Yudkin & Brebner, LLC, of Waukegan, for appellant. |
| --- | --- |
| | Keely Hillison, of Parrillo, Weiss & O'Halloran, of Chicago, for appellee. |

| Panel | JUSTICE JORGENSEN delivered the judgment of the court, with opinion. |
| --- | --- |
| | Presiding Justice Burke and Justice Schostok concurred in the judgment and opinion. |

## OPINION

¶ 1    The facts in this automobile-insurance-coverage case are undisputed. In September 2007, plaintiff, American Access Casualty Company, issued an automobile insurance policy to defendant Ana Reyes. The policy's statement of declarations listed Reyes as the "named insured," as well as the titleholder to the insured vehicle, a 1999 Chrysler 300M. However, in the policy's section identifying the "operators" of the vehicle, the policy listed two persons: (1) Reyes, with the notation "EXCLUDED" instead of a driver's license number; and (2) Jose M. Cazarez, with an "out of country/international" driver's license number.[1] Further, Reyes executed an endorsement providing that plaintiff would not afford any coverage under the policy to any claim or suit that occurred as the result of Reyes operating any vehicle. Finally, the policy contained a provision excluding bodily injury and property-damage liability coverage for "any automobile while in control of an excluded operator."

¶ 2    On October 30, 2007 (one month after the above policy took effect), Reyes drove her car in Elgin and struck pedestrians Rocio and Sergio Jasso. Rocio was seriously injured and Sergio (a minor) died as a result of his injuries. Rocio and Sergio's father, Brigido Jasso, sued Reyes, alleging negligence.

¶ 3    Thereafter, in response to the negligence suit, plaintiff filed the instant action, seeking a declaration that, because Reyes was driving at the time of the October 30, 2007, accident, its policy provided no coverage for and no duty to defend any claims and litigation arising therefrom. State Farm (which apparently provided uninsured motorist coverage to the pedestrians) answered plaintiff's complaint and filed a countercomplaint for declaratory judgment, asking that plaintiff be estopped from excluding coverage for Reyes, because plaintiff's attempt to "specifically exclude Ana Reyes the titleholder, payer on the insurance policy, [and] resid[ent] at the address of where the vehicle is garaged and located with full

---

[1]In the insurance application, Reyes was asked to list all household residents age 14 and over and any other operators of the vehicle. Only she and Cazarez appear on the application. The application defines Cazarez as a household resident and "friend" and lists him as the primary driver of the vehicle.

access to the vehicle is contrary to law and public policy and cannot be enforced. Ana Reyes' exclusion would result in no one insured under the policy."

¶ 4    On October 20, 2011, the court granted plaintiff summary judgment on its complaint. On February 11, 2012, the court denied State Farm's motion to reconsider, which raised, for the first time, an allegation that Cazarez is an illegal alien and contended that, by allowing him to be a member of her household, Reyes was in violation of federal law and, moreover, that plaintiff, by providing insurance coverage to Cazarez, was "harboring and shielding from detection an illegal alien."[2]

¶ 5    State Farm appeals, arguing that the insurance policy between plaintiff and Reyes violates public policy because it excludes Reyes, the only named insured and owner of the insured vehicle. Further, State Farm argues that plaintiff could not validly provide coverage for Cazarez because he does not have a valid license and is an illegal alien.

¶ 6    For the following reasons, we conclude that the provision excluding Reyes from liability coverage conflicts with relevant statutory requirements and, thus, violates public policy. Accordingly, we reverse and remand.

¶ 7                                    I. ANALYSIS

¶ 8    As they are purely legal, we review *de novo* the issues on appeal. 735 ILCS 5/2-1005(c) (West 2008) (summary judgment reviewed *de novo*); *Founders Insurance Co. v. Munoz*, 237 Ill. 2d 424, 432 (2010) (*de novo* review applied to legal issues). The primary issue presented is whether the exclusion of the only named insured and automobile owner from coverage as a driver under a liability insurance policy contravenes public policy. An insurance policy is a contract, and, therefore, the rules applicable to contract interpretation govern interpretation of an insurance policy. *Founders Insurance*, 237 Ill. 2d at 433. As such, unless it contravenes public policy, an unambiguous insurance policy provision will be applied as written. *Id.* "Statutes are an expression of public policy." *St. Paul Fire & Marine Insurance Co. v. Smith*, 337 Ill. App. 3d 1054, 1058 (2003).

¶ 9    Section 7-601(a) of the Illinois Safety and Family Financial Responsibility Law provides that "[n]o person shall operate, register or maintain registration of, and no owner shall permit another person to operate, register or maintain registration of, a motor vehicle designed to be used on a public highway unless the motor vehicle is covered by a liability insurance policy." 625 ILCS 5/7-601(a) (West 2006). The insurance mandated by section 7-601(a) must meet certain requirements, including, pursuant to section 7-317(b)(2) of the Safety and Family Financial Responsibility Law, that a motor vehicle owner's "liability insurance" policy "[s]*hall insure the person named therein* and any other person using or responsible for the use of such motor vehicle or vehicles with the express or implied permission of the insured." (Emphasis added.) 625 ILCS 5/7-317(b)(2) (West 2006). In other words, the statute mandates that a liability insurance policy insure the named insured *and* permissive users. The

---

[2]We note that State Farm provided no evidence to support its allegations regarding Cazarez's immigration status.

principal purpose of these mandatory liability insurance requirements is "to protect the public by securing payment of their damages." *Progressive Universal Insurance Co. of Illinois v. Liberty Mutual Fire Insurance Co.*, 215 Ill. 2d 121, 129 (2005). A private limiting agreement may not rewrite a statute that exists for the protection of the public; if the insurance provision conflicts with the law, it will be deemed void and the statute will continue to control. *Id.*; see also *Founders Insurance*, 237 Ill. 2d at 442 (an insurance policy provision that conflicts with section 7-317(b)(2) violates public policy and will be deemed void).

¶ 10　　　However, "[j]ust as public policy demands adherence to statutory requirements, it is in the public's interest that persons not be unnecessarily restricted in their freedom to make their own contracts." *Progressive*, 215 Ill. 2d at 129. Therefore, we exercise "sparingly" the power to declare a private contract void as against public policy. *Id.* We will not invalidate an agreement on public policy grounds unless it is "clearly contrary" to what our statutes or court decisions have declared to be public policy, or unless it is "manifestly injurious to the public welfare. Whether an agreement is contrary to public policy depends on the particular facts and circumstances of the case." *Id.* at 130. For the following reasons, and mindful that our power to declare a private contract void as against public policy should be used only sparingly, we conclude that the blanket exclusion here, precluding all liability coverage for Reyes, the only named insured, is "clearly contrary" to section 7-317(b)(2) and, thus, public policy.

¶ 11　　　Again, section 7-317(b)(2) mandates that an owner's "liability insurance" policy "[s]hall insure the person named therein." 625 ILCS 5/7-317(b)(2) (West 2006).[3] In the policy at issue here, Reyes is the only person "named therein," *i.e.*, she is the *sole* named insured. Plaintiff argues that, consistent with section 7-317(b)(2)'s mandate, Reyes *is* covered under the policy, for it provides Reyes with uninsured-motorist, bodily-injury, property-damage, and medical-payment coverage in the event that she is injured in an accident in which she is *not* the driver. However, simply put, none of that equates to *liability* coverage. The policy exclusion operates to deny coverage when Reyes drives the vehicle, *i.e.*, when she would be liable for an accident. Thus, contrary to section 7-317(b)(2)'s mandate, the *liability* insurance policy does not cover the named insured.

¶ 12　　　We acknowledge two things. First, named-driver exclusions have been upheld by our courts. However, in those cases, the excluded drivers were not the sole named insured. See, *e.g.*, *Dungey v. Haines & Britton, Ltd.*, 155 Ill. 2d 329, 336 (1993) (enforcing a named-driver exclusion wherein a husband was excluded from coverage under his wife's policy); see also *American Service Insurance Co. v. Arive*, 2012 IL App (1st) 111885, ¶ 17 (enforcing a named-driver exclusion wherein a son was excluded from coverage under his parents' policy); *Smith*, 337 Ill. App. 3d at 1056-57 (same and further holding, generally, that a named-driver exclusion in an automobile liability policy does not violate public policy); *Rockford Mutual Insurance Co. v. Economy Fire & Casualty Co.*, 217 Ill. App. 3d 181, 186-

---

[3]The statute separately, in subsection (b)(1), provides that a liability insurance policy shall designate the *vehicle* that is covered, before subsection (b)(2) provides that it shall insure the *person* named therein (*i.e.*, the named insured). See 625 ILCS 5/7-317(b)(1), (b)(2) (West 2006).

87 (1991) (same and further holding, generally, that public policy is not violated when a claimant must seek relief from his or her own uninsured motorist coverage because an exclusionary provision rendered uninsured the other vehicle).[4] Thus, although the aforementioned cases establish that named-driver exclusions are permissible, they do not hold that a policy may completely exclude the *sole* named insured and automobile owner without running counter to section 7-317(b)(2) and, accordingly, public policy.

¶ 13    Plaintiff notes that, in addition to mandating coverage for the named insured, section 7-317(b)(2) also mandates coverage for permissive drivers. Accordingly, plaintiff questions why, given that courts have upheld named-driver exclusions as applied to permissive drivers, a named-driver exclusion that applies to the named insured should be treated any differently. Our answer to that question is found in another section of the statute. Specifically, section 7-602 of the Safety and Family Financial Responsibility Law provides:

> "If the insurance policy represented by the insurance card does not cover any driver operating the motor vehicle with the owner's permission, or the owner when operating a motor vehicle other than the vehicle for which the policy is issued, the insurance card shall contain the warning of such limitations in the coverage provided by the policy." 625 ILCS 5/7-602 (West 2006).

The court in *Smith* held that the aforementioned provision reflects the legislature's intent to create a limited exception to the mandatory insurance laws for named-driver exclusions. *Smith*, 337 Ill. App. 3d at 1059-60. That limited exception reflected in section 7-602, however, specifically references exclusions for *permissive* drivers. It does not contain a corollary provision for the named insured. Further, the provision references an exclusion for the "owner," but that exclusion is limited: an owner may be excluded when the owner operates a vehicle other than that for which the policy is issued. Accordingly, while section 7-602 reflects the legislature's intent to permit, via named driver exclusions for permissive drivers, an exception to section 7-317(b)(2)'s requirements, it does not reflect that named insureds may, without limitation, be excluded from liability coverage.

¶ 14    This leads to our second acknowledgment: insurers may, without running afoul of public policy, legitimately contract to limit the scope of their coverage; in other words, not every limitation on liability coverage violates public policy. *Founders Insurance*, 237 Ill. 2d at 442 ("Insurers are not required to cover every possible loss and may legitimately limit their risks."); *Progressive*, 215 Ill. 2d at 136 ("Nowhere, however, does the law expressly forbid parties to an insurance contract from excluding certain risks from liability coverage."). Indeed, two supreme court decisions, while factually distinguishable from the present case, reflect that in specific circumstances policy exclusions that *limit* liability coverage for named insureds might not run counter to public policy.

¶ 15    First, in *Progressive*, which did *not* involve a named-driver exclusion, our supreme court effectively held that exclusionary provisions that act to *limit* coverage even of named

---

[4]Our supreme court, too, has held that the effects of policy exclusions rendering some motorists uninsured is "substantially offset" by the requirement of uninsured motorist coverage. See *Progressive*, 215 Ill. 2d at 139.

insureds are permissible. In that case, the exclusionary provision precluded coverage for bodily injury or property damage resulting from an accident if the covered vehicle was being used to carry persons or property for compensation, which included food delivery. After the named insured's son struck and severely injured a pedestrian while driving the named insured's minivan to deliver pizzas for his employer, the insurer argued that it had no duty to defend or indemnify the son, because his conduct fell within the terms of the aforementioned policy exclusion. In upholding the exclusionary provision, the court held that, as it applied equally to both named insureds and permissive drivers, the provision did not conflict with section 7-317(b)'s mandate that any liability policy must cover both named insureds and permissive drivers.[5] *Progressive*, 215 Ill. 2d at 134. In so doing, the court acknowledged the potentiality that, pursuant to the exclusionary provision at issue, even the named insured, could, under the circumstances described in the provision, be rendered uninsured. "Accordingly, if [the named insured] used the van to deliver pizzas, she would have no more right to insist that [the insurer] defend and indemnify her than [her son] has. *The policy would provide no coverage.*" (Emphasis added.) *Id*. Thus, in *Progressive*, the named insured, acting as the driver, would have been excluded from coverage if she were driving to deliver property or persons for compensation. *Id*. The named insured was not, however, the subject of a blanket policy exclusion. Rather, she *was* covered by liability insurance *unless* she drove the vehicle for a specific purpose.

¶ 16 Similarly, our supreme court recently upheld exclusionary provisions that, under certain circumstances, precluded liability coverage over even the named insureds. *Founders Insurance*, 237 Ill. 2d at 427. Like *Progressive*, the court in *Founders Insurance* did not consider a named-driver exclusion. Rather, the exclusion at issue provided that coverage would be excluded where the person using the vehicle did not have a reasonable belief that he or she was entitled to do so. In upholding the provision, the court held that, even where the driver was the owner of the vehicle, he or she did not have a reasonable belief that, without a driver's license or if on a suspended license, he or she was entitled to drive the car. *Id*. at 438, 445. The court held that insurance companies could, without violating the public policy set forth in section 7-317(b)(2), "limit their risk by excluding insureds and permissive users alike who lack the most basic requirement for driving in this state: a valid license." *Id*. at 445. Accordingly, as the exclusions at issue applied only to persons "insured" under the policies, which included both named insureds and permissive drivers, the exclusions *could* act to exclude coverage for named insureds as drivers where they met the conditions of the exclusions. *Id*. Again, however, the exclusion operated to exclude liability coverage over named insureds only when specific circumstances were met.

¶ 17 The provision at issue here is markedly different from those in *Progressive* and *Founders Insurance*. There is not a mere restriction or limitation on Reyes' liability coverage: she has none. The provision constitutes a full exclusion of the named insured from liability coverage,

[5]In so doing, the court distinguished its prior decision in *State Farm Mutual Automobile Insurance Co. v. Smith*, 197 Ill. 2d 369, 374 (2001), wherein it invalidated, as contrary to section 7-317(b)'s requirement that the policy cover *both* the named insured(s) and permissive drivers, an exclusion that acted to preclude coverage of *only* permissive drivers (indeed, an entire class thereof).

as opposed to an exclusion of coverage only in limited circumstances specified in the insurance contract (*e.g.*, using the vehicle for a fee (*Progressive*) or where the user does not have a reasonable belief that he or she is entitled to do so (*Founders Insurance*)). We do not know from the record why plaintiff and Reyes contracted to exclude her from liability coverage. The reason for the exclusion, however, is irrelevant to our decision here because, even if Reyes were excluded for a legitimate reason, section 7-317(b)(2) requires that the owner's liability insurance policy cover the named insured and, here, coverage is not merely limited, but completely nonexistent.

¶ 18      We note that there exist sound public policy reasons for requiring coverage over the sole named insured. Those reasons were summarized in a Louisiana court decision, where that state's supreme court held that a similar mandatory liability insurance statute, which permitted parties to "exclude from coverage any named person which is a resident of the same household as the named insured," did *not* permit the exclusion of the named insured. (Internal quotation marks omitted.) *Williams v. U.S. Agencies Casualty Insurance Co.*, 2000-1693, at 4 (La. 2/21/01); 779 So. 2d 729, 731, *superseded by* La. Rev. Stat. Ann. § 32:900(L) (2001). In so holding, the court stated:

> "Our interest in protecting the driving public far outweighs an insured's desire to exclude himself from coverage in order to avail himself of a lower premium. To allow an insured to exclude himself from coverage and drive as an uninsured motorist, runs afoul of the overall purpose and intent of Louisiana's compulsory insurance law. In the instant case, [the named insured], *** purchased liability insurance coverage, purported to exclude himself as a driver of his own vehicle, and then caused an accident resulting in injury. This court will not uphold such actions at the expense of the injured person whom our statutory insurance law is designed to protect. Clearly, the legislature did not intend that citizens such as these plaintiffs would suffer injury, and a tortfeasor would escape liability because he waived the mandatory liability coverage which is required by statute. We find that an automobile insurance policy may not exclude the named insured of a vehicle from coverage for the negligent operation of the insured vehicle." *Id.* at 6-7, 779 So. 2d at 732.

¶ 19      Nevertheless, we can also imagine scenarios where contractual, named-driver exclusions over even the named insured could *further* the statute's public policy goal of protecting the public by securing payment of damages. Specifically, insurance companies make underwriting decisions and calculate policy premiums based on the characteristics and risks presented by the policyholder. *Progressive*, 215 Ill. 2d at 135. In situations where those factors render obtaining a policy cost-prohibitive, exclusions of named individuals may allow the vehicle owner, who must pursuant to section 7-601(a) obtain a liability insurance policy if *anyone* is to operate, register, or maintain registration over the vehicle, to obtain affordable insurance. *Smith*, 337 Ill. App. 3d at 1061-62. Without the ability to exclude certain drivers, including the named insured (who might own the vehicle but present risks that render obtaining insurance cost prohibitive), insurance might not be obtained. *Id.* However, we may not ignore section 7-317(b)(2)'s plain language that the liability policy must cover the person named therein. Instead, it is the role of the legislature to specify, as it did with permissive

drivers in section 7-602, that named-driver exclusions may include the sole named insured.[6]

¶ 20    Accordingly, we find that the exclusion here is invalid because Reyes, the sole named insured, is not covered by liability insurance. We render no opinion as to whether the policy otherwise covers the October 30, 2007, accident. Therefore, we reverse the summary judgment entered in plaintiff's favor and remand the cause for a determination of whether, setting aside the exclusionary provision, the policy provides coverage for the 2007 accident.

¶ 21    We add two final points. First, State Farm argues that the exclusion of Reyes from coverage under the policy is invalid if the purpose behind her purchase of the policy was to benefit Cazarez. State Farm asserts that: (1) because Cazarez has only an international driver's license, not an Illinois driver's license, the policy insures a person who is unable to legally operate the vehicle; and (2) Cazarez is an illegal alien and, by providing insurance to him, plaintiff is harboring and shielding an illegal alien from detection, in violation of federal law. Simply put, these arguments are red herrings and we will not address their merits. Setting aside the lack of proof for these allegations, neither Cazarez's immigration status nor the propriety of plaintiff's coverage over him is relevant to the issue on appeal. Plaintiff's complaint sought a declaration regarding its contractual obligations to defend or indemnify Reyes in connection with the October 30, 2007, accident where Reyes was the driver. As Cazarez was not the driver involved in the accident, his coverage is irrelevant to the issue before us.

¶ 22    Second, in its response brief, plaintiff seeks sanctions pursuant to Illinois Supreme Court Rule 375(b) (eff. Feb. 1, 1994) against State Farm for pursuing a frivolous appeal and requests that we award plaintiff costs and attorney fees. Rule 375(b) permits the imposition of sanctions when an appeal is frivolous, not taken in good faith, or taken for an improper purpose, such as to harass or needlessly increase the cost of litigation. If the appeal is not warranted by existing law or a good-faith argument for modifying existing law, or is not reasonably well grounded in fact, it may be deemed frivolous and sanctionable. We decline plaintiff's request to impose Rule 375(b) sanctions against State Farm. As we agree with State's Farm's first argument, this appeal is not frivolous.

¶ 23                                   II. CONCLUSION

¶ 24    For the foregoing reasons, the judgment of the circuit court of Kane County is reversed and the cause is remanded.

¶ 25    Reversed and remanded.

---

[6]Which is, in fact, what happened in Louisiana. Specifically, in an amendment intended to supersede the *Williams* decision, the Louisiana legislature altered the relevant statute to read that "an insurer and an insured may by written agreement exclude from coverage the named insured and the spouse of the named insured. The insurer and an insured may also exclude from coverage any other named person who is a resident of the same household as the named insured at the time that the written agreement is entered into ***." La. Rev. Stat. Ann. § 32:900(L) (2001); *Hawkins v. Redmon*, 2009-2418, at 9 (La. 7/6/10); 42 So. 3d 360, 365.